UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JASON NICHOLSON,<br><br>Plaintiff,<br><br>v.<br><br>JANET L. YELLEN, Secretary of the Treasury,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 12)**<br><br>Case No. 1:24-cv-00090<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Jason Nicholson filed this action without an attorney and *in forma pauperis* (without paying the filing fee).[1] Mr. Nicholson previously filed a motion to appoint counsel,[2] which the court denied without prejudice because he did not adequately justify his request.[3] Mr. Nicholson has now filed a second motion for appointment of counsel.[4] Because the applicable factors do not support appointment of counsel under the circumstances presented here, the motion is denied.

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 4; Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 6.)

[3] (*See* Mem. Decision and Order Den. Without Prejudice Mot. to Appoint Counsel, Doc. No. 7.)

[4] (Mot. for Appointment of Counsel, Doc. No. 12.)

1

While defendants in criminal cases have a constitutional right to representation by an attorney,[5] "[t]here is no constitutional right to appointed counsel in a civil case."[6] Appointment of counsel in civil cases is left to the court's discretion.[7]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel."  The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[8]  When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[9]

Considering these factors, appointment of counsel is unwarranted at this stage.  Mr. Nicholson asks the court to appoint counsel because he has limited knowledge of the law.  But this is true of most unrepresented litigants and is not a sufficient reason, on its own, to justify appointment of counsel in a civil case.  Moreover, the factual and legal issues raised in Mr. Nicholson's complaint do not appear unusually complex.  Further, it

---

[5] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[6] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[7] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

is not yet clear whether Mr. Nicholson's claims are meritorious. For all these reasons, Mr. Nicholson has not demonstrated appointment of counsel is warranted at this stage.

Accordingly, the court DENIES Mr. Nicholson's second motion for appointment of counsel.[10]

DATED this 17th day of June, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 12.)