UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JASON NICHOLSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, Secretary of the Treasury,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (DOC. NO. 17)**<br><br>Case No. 1:24-cv-00090<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Proceeding without an attorney, Jason Nicholson (a former Internal Revenue Service ("IRS") employee) brought this action against Scott Bessent, Secretary of the United States Treasury.[1] Mr. Nicholson's complaint alleges the IRS discriminated against him based on his disability by failing to accommodate him and terminating his employment.[2] Mr. Bessent has filed a motion to dismiss, arguing the court lacks subject-matter jurisdiction over Mr. Nicholson's claims.[3] Mr. Nicholson did not respond to the motion. Because Mr. Nicholson failed to exhaust his administrative remedies and

---

[1] (*See* Compl., Doc. No. 5.) Mr. Nicholson initially brought this case against Janet L. Yellen, who was the Secretary of the Treasury at the time the complaint was filed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Scott Bessent—the current Secretary of the Treasury—was automatically substituted as the defendant. (*See* Notice from the Ct., Doc. No. 20.)

[2] (*See* Compl. 3–4, Doc. No. 5.)

[3] (*See* Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Mot."), Doc. No. 17.)

1

the court lacks jurisdiction over any other potential claim, Mr. Bessent's motion is granted.[4]

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a case for "lack of subject-matter jurisdiction." A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[5] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[6] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[7] Mr. Bessent's motion presents a facial attack because its only references outside of the complaint are to administrative documents which are subject to judicial notice.[8] When a dismissal motion presents a facial attack, the court applies the same

---

[4] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72-3(a) of the Local Rules of Civil Practice. (*See* Doc. No. 19.)

[5] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* (internal quotation marks omitted).

[8] *See, e.g.*, *Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on court records subject to judicial notice presented a facial attack); *see also Watkins v. Genesh, Inc.*, No. 22-2273, 2024 U.S. Dist. LEXIS 23188, at *3 n.3 (D. Kan. Feb. 9, 2024) (unpublished) ("[T]he Court may take judicial notice of the EEOC documents because they are administrative documents.").

standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[9]

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[10] At the motion to dismiss stage, the court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[11]

Because Mr. Nicholson is proceeding pro se (without an attorney), his filings are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must follow the same procedural rules as other litigants.[13] For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity

---

[9] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[10] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[11] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## BACKGROUND

Mr. Nicholson filed this action using a form employment discrimination complaint. On it, he checked boxes indicating he is bringing claims for unlawful termination and failure to accommodate under the Americans with Disabilities Act ("ADA").[17] Aside from alleging the IRS "[d]id not comply with [his] Disability Request [for] Reasonable Accommodation," Mr. Nicholson provides no factual description of his claims.[18] However, in the "Exhaustion of Federal Administrative Remedies" section, Mr. Nicholson indicates he filed an Equal Employment Opportunity Commission ("EEOC")

---

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[17] (*See* Compl. 3–4, Doc. No. 5); 42 U.S.C. §§ 12101, et seq.  While the Americans with Disabilities Act does not apply to federal employers, the Rehabilitation Act, 29 U.S.C. §§ 791, et seq., provides federal employees the same protections, procedures, and remedies regarding disability discrimination.  *See Brown v. Austin*, 13 F.4th 1079, 1084 n.3 (10th Cir. 2021).

[18] (*See* Compl. 5, Doc. No. 5.)

charge on December 19, 2023.[19]  Mr. Nicholson also states he received an EEOC notice of right to sue on April 2, 2024, which Mr. Nicholson attached to his complaint.[20]

The EEOC decision indicated Mr. Nicholson did not file an EEOC discrimination charge—instead, Mr. Nicholson filed a "petition with the [EEOC] asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB)" regarding a whistleblower retaliation claim Mr. Nicholson brought.[21]  The EEOC found it lacked jurisdiction to review the MSPB's decision, because Mr. Nicholson did not bring discrimination claims in the MSPB proceedings—he asserted discrimination claims "for the first time" in his EEOC appeal.[22]  The EEOC decision letter included a notice stating

---

[19] (*See id.*)  In his complaint, Mr. Nicholson also states he filed a "local EEO" charge in 2017, but the EEOC notice of right to sue he references (and attached to his complaint) relates only to the December 2023 EEOC filing.  (*See id.*; EEOC Decision 1, Doc. No. 5-1.)  Mr. Nicholson does not provide any description of the alleged 2017 charge or indicate he received a notice of right to sue as to the 2017 charge.

[20] (Compl. 5, Doc. No. 5; *see* EEOC Decision, Doc. No. 5-1.)

[21] (*See* EEOC Decision 1, Doc. No. 5-1.)

[22] (*See id.* at 2); *see also Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 425 (2017) (explaining the EEOC may only review MSPB decisions considering discrimination claims).  The MSPB filings (which are subject to judicial notice) confirm Mr. Nicholson did not raise any discrimination claims with the MSPB.  (*See* Ex. A to Mot., MSPB Appeal Form, Doc. No. 17-1 at 4 ("I feel that this is a whistleblower case and that I blew the whistle on the Agency's corruption and that they retaliated against me."); Ex. B to Mot., MSPB Order and Summ. of Telephonic Prehearing Conf. 3–4, Doc. No. 17-2 (sealed) (explaining Mr. Nicholson raised no claims other than his whistleblower retaliation claim); *see generally* Ex. C to Mot., MSPB Initial Decision, Doc. No. 17-3; Ex. D to Mot., MSPB Appeal, Doc. No. 17-4; Ex. E to Mot., MSPB Final Decision, Doc. No. 17-5.)

Mr. Nicholson had the right to appeal the decision in federal district court.[23]  Mr. Nicholson then filed this action, attempting to bring the discrimination claims he improperly raised in his EEOC appeal.[24]

## ANALYSIS

Before bringing an employment discrimination action in court, a claimant must exhaust his administrative remedies.[25]  Among other things, exhaustion requires an employee to file either an EEOC charge or an MSPB complaint containing a discrimination claim.[26]  Mr. Nicholson did not bring discrimination claims in an EEOC charge or an MSPB complaint.[27]  Instead, Mr. Nicholson filed a whistleblower retaliation claim with the MSPB, improperly appealed the MSPB's decision to the EEOC, and attempted to bring novel discrimination claims in the EEOC appeal.  Where Mr.

---

[23] (*See* EEOC Decision 2, Doc. No. 5-1 ("You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision.").)

[24] (*See* Compl. 4–5, Doc. No. 5.)

[25] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018).

[26] See *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003).

[27] As noted above, while Mr. Nicholson states he filed a "local EEO" charge in 2017, the EEOC notice of right to sue Mr. Nicholson references (which he attached to his complaint) relates only to the December 2023 EEOC petition, and Mr. Nicholson does not provide any description of the alleged 2017 charge or indicate he received a notice of right to sue as to the 2017 charge.  (*See* Compl. 5, Doc. No. 5; EEOC Decision 1, Doc. No. 5-1.)

Nicholson did not file and exhaust his discrimination claims in accordance with EEOC or MSPB procedures, his discrimination claims must be dismissed.[28]

To the extent Mr. Nicholson's complaint could be construed as appealing the EEOC's decision not to review the MSPB decision, the court lacks jurisdiction. Under 42 U.S.C. § 2000e-5(f)(1), EEOC decisions are subject to judicial review after EEOC charges have been filed and exhausted.[29] And under 5 U.S.C. § 7702(a)(3), judicial review is permitted after a claimant brings discrimination claims in an MSPB proceeding and appeals the MSPB's discrimination findings to the EEOC.[30] But no federal law permits judicial review of the EEOC's refusal to review an MSPB whistleblower decision that did not involve discrimination claims. This is unsurprising because the EEOC does

---

[28] *See Coffman*, 328 F.3d at 622; *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) ("Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies." (citation omitted)). Although failure to exhaust is an affirmative defense—not a jurisdictional defect—dismissal is proper where Mr. Nicholson's failure to exhaust is apparent on the face of the complaint and the records subject to judicial notice. *See Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished).

[29] *See* 42 U.S.C. § 2000e-5(f)(1) (providing, in relevant part, an employee may file a civil action after the EEOC dismisses "a charge filed with the Commission"). Section 2000e-5(f)(1) also requires civil actions to be filed within thirty days after receiving a notice of right to sue—Mr. Nicholson filed this action fifty-seven days after receiving his EEOC notice. (*See* Compl. 5, Doc. No. 5 (filed May 29, 2024) (alleging Mr. Nicholson received the EEOC notice on April 2, 2024).)

[30] *See* 5 U.S.C. §§ 7702(a)(3) (permitting judicial review after the EEOC declines to consider MSPB discrimination findings), 7702(b)(5)(A) (permitting judicial review after the EEOC concurs with MSPB discrimination findings), 7702(c)(2)(ii), (d)(2)(A) (permitting judicial review after the EEOC disagrees with MSPB discrimination findings).

not have jurisdiction to review such proceedings.[31] And while the EEOC decision letter stated Mr. Nicholson had the right to appeal in federal court, "only Congress, not the EEOC, can determine a lower court's subject matter jurisdiction."[32]

Finally, to the extent Mr. Nicholson's complaint could be construed as appealing the underlying MSPB decision on his whistleblower retaliation claim, this court lacks jurisdiction. Jurisdiction to review the MSPB's whistleblower retaliation decisions is vested exclusively in federal circuit courts.[33] And although 28 U.S.C. § 1631 permits federal courts to transfer a case brought in the wrong court, transfer is not appropriate where Mr. Nicholson's MSPB claim would have been untimely even if filed in the correct

---

[31] *See Rizzo v. Wilkie*, No. 18-35, 2019 U.S. Dist. LEXIS 48743, at *28–30 (E.D. Ky. Mar. 25, 2019) (unpublished) (holding the court lacked jurisdiction to review the EEOC's decision not to consider a MSPB whistleblower retaliation decision, where the claimant did not bring discrimination claims before the MSPB).

[32] *Id.* at *26 (citation omitted) (holding the plaintiff did not have a right to judicial review of the EEOC's decision not to consider an MSPB whistleblower retaliation decision, despite receiving a right to sue notice from the EEOC). The EEOC notice provision in *Rizzo* contained the exact same language as Mr. Nicholson's EEOC notice.

[33] *See* 5 U.S.C. § 7703(b)(1)(B) (providing for judicial review of an adverse final MSPB whistleblower retaliation decision "in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction"); *see also Fulkerson v. Comm'r, SSA*, No. 21-2001, 2021 U.S. App. LEXIS 29110, at *9 (10th Cir. Sept. 27, 2021) (unpublished) ("To the extent the claim seeks review of the MSPB's [whistleblower retaliation] decisions, the district court lacked jurisdiction.").

court.[34] Mr. Nicholson filed this action 184 days after the MSPB issued its final decision—well outside the sixty-day period to seek judicial review of MSPB decisions.[35]

## CONCLUSION

In sum, Mr. Nicholson's complaint is subject to dismissal regardless of whether he is seeking review of (1) his disability discrimination claims, (2) the EEOC's decision not to review the MSPB proceedings, or (3) the MSPB decision on his whistleblower retaliation claim. Accordingly, Mr. Bessent's motion to dismiss[36] is granted, and this action is dismissed without prejudice.[37]

DATED this 24th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[34] *See* 28 U.S.C. § 1631 (permitting federal courts to transfer an improperly filed action to another federal court "in which the action or appeal could have been brought *at the time it was filed*" (emphasis added)); *see also Small v. Astrue*, No. 08-cv-01864, 2009 U.S. Dist. LEXIS 134067, at *12 (D. Colo. June 18, 2009) (unpublished) ("Because Plaintiff's [MSPB] claim would not have been timely commenced in the Federal Circuit at the time it was filed in this Court, transfer to the Federal Circuit is not appropriate.").

[35] (*See* Ex. E to Mot., MSPB Final Decision, Doc. No. 17-5 (issued Nov. 27, 2023); Compl., Doc. No. 5 (filed May 29, 2024)); *see also* 5 U.S.C. § 7703(b)(1)(B) (providing a petition for judicial review of an MSPB whistleblower retaliation decision must be filed within sixty days after the MSPB issues its final decision).

[36] (Doc. No. 17.)

[37] *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).